The **HILLHAVEN CORPORATION, a Tennessee Corporation, d/b/a, Mt. Carmel Care Center, et al., Plaintiffs-Appellees,**

v.

**WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Linda Reivitz, Secretary, Wisconsin Department of Health and Social Services, and Charles P. Smith, Treasurer, State of Wisconsin, Defendants-Appellants.**

No. 83–1726.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1983.

Decided May 8, 1984.

F. Thomas Creeron, III, Wisconsin Dept. of Justice, Madison, Wis., for defendants-appellants.

Malcolm J. Harkins, III, Casson, Calligaro & Mutryn, Beverly Hills, Cal., for plaintiffs-appellees.

Before CUMMINGS, Chief Judge, and CUDAHY, Circuit Judge, and MAROVITZ, Senior District Judge.[*]

PER CURIAM.

Hillhaven Corporation, a Tennessee corporation which owns and operates fourteen nursing home facilities in Wisconsin, challenged the constitutionality of a Wisconsin statute which delayed any increases in Medicaid reimbursement rates for Medicaid providers for the first three months of 1983. The district court, which had previously ruled that the Wisconsin statute was unconstitutional in a suit brought by the Wisconsin Hospital Association and several individual Wisconsin hospitals, granted plaintiff's motion for a preliminary injunc-

* Honorable Abraham L. Marovitz, Senior District Judge for the Northern District of Illinois, is sitting by designation.

tion. We reverse and remand to the district court for further consideration in light of our holding in *Wisconsin Hospital Association v. Reivitz*, 733 F.2d 1226 (7th Cir. 1984).

## I

Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, establishes a cooperative state and federal medical assistance program known as Medicaid. The Medicaid program allows states which choose to participate to receive partial federal funding which is then used to reimburse providers of medical and other health care services. A participating state must devise a reimbursement plan which conforms to federal standards and must submit the plan to the federal Department of Health and Human Services ("HHS") for approval. Wisconsin has elected to participate in the Medicaid program, and its state plan was submitted to and approved by the Secretary of HHS. The fourteen nursing home facilities owned and operated by the plaintiff, Hillhaven Corporation, have entered into contracts with the Wisconsin Department of Health and Social Services to provide medical services to Medicaid beneficiaries under the state plan, and each is qualified as a provider of such services.

The federal standards for state reimbursement plans are contained in 42 U.S.C. § 1396a(a)(13)(A) (Supp. V 1981) and accompanying regulations, 42 C.F.R. § 447.252(a) (1982). Prior to 1980, the applicable standard was based on the principle of reimbursement for all reasonable costs and the regulations required not only submission to and approval by HHS of the state plan but extensive federal review of the plan. 42 U.S.C. § 1396a(a)(13)(D) (1976). The new federal standard for nursing home facilities, embodied in the Boren Amendment passed in 1980, provides for reimbursement at rates which are "reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities ...." 42 U.S.C. § 1396a(a)(13)(A) (Supp. V 1981).

The Wisconsin state plan provides for adjustment of reimbursement rates for nursing home facilities at least annually at the beginning of the calendar year. Unlike reimbursement rates for hospitals, those for nursing homes are based on inflation forecasts derived from the Consumer Price Index. In April 1982, however, the Wisconsin legislature enacted a provision which would maintain reimbursement rates at their 1982 level for the first three months of 1983. Chapter 317, Laws of 1981, § 2033(5). Plaintiff claimed that this delay in granting a rate increase would have resulted in significantly reduced payments, although the relatively low inflation rate indicated for that quarter in the Consumer Price Index may affect the precise figure. On January 7, 1983, plaintiff moved for a preliminary injunction to prevent implementation of this provision. On January 11, 1983, the district court, in *Wisconsin Hospital Association v. Reivitz*, [1983 Transfer Binder] MEDICARE & MEDICAID GUIDE (CCH) ¶ 32,380 (E.D.Wis. Jan. 11, 1983), declared this same provision unconstitutional because any rate devised without consideration for the impact of inflation must be arbitrary and therefore in conflict with the "reasonable and adequate" federal standard.

## II

In determining whether to grant the preliminary injunction, the district court considered the four elements which a party seeking a preliminary injunction must establish: (1) whether the plaintiff has at least a reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm issuance of the injunction may inflict on the defendant; (4) whether the grant of a preliminary injunction will disserve the public interest. *Martin v. Helstad*, 699 F.2d 387, 389 (7th Cir.1983). Likelihood of success on the merits is sometimes considered the most significant of these factors. *Reinders Brothers, Inc. v. Rain*

*Bird Eastern Sales Corp.*, 627 F.2d 44, 49 (7th Cir.1980). In reviewing the district court's grant of a preliminary injunction, we can only reverse the district court's action if it is clearly erroneous or represents a mistake of law. The totality of the factors must point to a clear departure from the proper exercise of the district judge's discretion. *Id.* at 49.

In considering Hillhaven's likelihood of success on the merits, the district court referred only to its decision in *Wisconsin Hospital Association, supra,* declaring section 2033(5) unconstitutional. In light of our reversal of the district court's ruling in that case and our analysis of the merits of those issues, we conclude that on the record before us Hillhaven has failed to establish a likelihood of success on the merits in the present case. We therefore remand for reconsideration of this threshold requirement.

The district court also concluded that Hillhaven would suffer irreparable injury if an injunction did not issue because under the eleventh amendment Wisconsin is immune from suit for retroactive monetary damages and therefore Hillhaven would be unable to recover funds owed even if it were ultimately to prevail on the merits. While it is not necessary to reach this issue because Hillhaven so far has failed to satisfy the threshold requirement of likelihood of success on the merits, we note the treatment on analogous facts in *Coalition of Michigan Nursing Homes, Inc. v. Dempsey,* 537 F.Supp. 451 (E.D.Mich.1982). When confronting a similar claim of irreparable injury due to eleventh amendment constraints, the district court concluded that the plaintiffs could recover funds retroactively in a state forum. *Id.* at 464. In the present case, the defendant state of Wisconsin concedes that its state Medicaid plan provides an appeals mechanism by which providers may recover retroactive payments to which they are entitled. Wisconsin State Plan § 6.1520; Wis.Stat. § 49.-45(6m)(e) (1981–82). *See* Appellants' brief at 28–29. This assertion of waiver of sovereign immunity by the state should also be considered by the district court in further proceedings.

The other two requirements for issuance of a preliminary injunction are so bound up in the previously discussed factors that they will also require reconsideration. We therefore reverse the decision of the district court, vacate the issuance of a preliminary injunction and remand to the district court for further proceedings.